ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 2, 2014

The Honorable Renee Ann Mueller
Washington County Attorney
100 East Main, Suite 200
Brenham, Texas 77833

Opinion No. GA-1037

Re: Whether councils of governments are "units of general local government" for purposes of the federal HOME Investment Partnership Program (RQ-1139-GA)

Dear Ms. Mueller:

You ask whether councils of governments are "units of general local government" for purposes of the federal HOME Investment Partnership Program (the "HOME Program").[1] The HOME program is an affordable housing funding program authorized by federal statute and administered by the United States Department of Housing and Urban Development ("HUD"). *See* 42 U.S.C.A. §§ 12701–12839 (West 2013) (the HOME Investment Partnerships Act (the "Act")); 24 C.F.R. 92.1 (2013) (stating that part 92 of HUD rules implement the HOME Program). The Act authorizes HUD to allocate federal funds for a "participating jurisdiction," which may be a state or a "unit of general local government" meeting certain qualifications. 42 U.S.C.A. § 12746(1) (West 2013). Under the Act's definitions, an entity may be a "unit of general local government" in one of three ways:

> [1] a city, town, township, county, parish, village, or other general purpose political subdivision of a State; . . . [2] a consortium of such political subdivisions recognized by the Secretary in accordance with section 12746(2) of this title; and [3] any agency or instrumentality thereof that is established pursuant to legislation and designated by the chief executive to act on behalf of the jurisdiction with regard to provisions of this Act.

*Id.* § 12704(1): *see also* 24 C.F.R. § 92.2 (2013) (parallel definition in HUD regulations).

---

[1] *See* Letter and Brief from Honorable Renee Ann Mueller, Washington Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (July 24, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Brief," respectively).

A council of governments ("COG") is a regional planning commission (a "commission") made up of counties, municipalities, or other political subdivisions. TEX. LOC. GOV'T CODE ANN. §§ 391.001, .002(2), .003(a), .005(c)(4) (West 2005). As a chapter 391 commission, a COG may serve several different functions, but its primary purpose is regional planning. *Id.* § 391.001. Chapter 391 establishes COGs as political subdivisions. *Id.* § 391.003(c).

You inform us that HUD "refuses to recognize [the Brazos Valley Council of Governments] as a unit of general local government" for purposes of the HOME Program. Brief at 2. You argue that a COG should be characterized as a unit of general local government under state law and therefore should be considered the same for purposes of the HOME Program. *Id.* at 4.[2]

Your question, however, is about the meaning of terms in federal statutes and regulations. Whether a governmental entity is a "unit of general local government" under state law is not determinative of whether the entity meets the federal statutory standard for participation in the HOME program. Whether an entity qualifies as a participating jurisdiction under the HOME Program is purely a matter of federal statutory and administrative law, not state law. The federal Act authorizes HUD to designate units of general local government as participating jurisdictions under section 12746 of the Act. 42 U.S.C.A. §§ 12704(3)–(4), 12746 (West 2013). Section 12746 authorizes HUD to promulgate regulations and determine mixed questions of law and fact about an entity's eligibility. *See id.* § 12746(3). Accordingly, it is for HUD to determine, in the first instance, whether an entity is a unit of general local government.[3]

Because HUD is the agency authorized to administer the HOME Program, courts are likely to give deference to HUD's interpretations of the Act, giving them "'controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.'" *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). Likewise, opinions of this office generally defer to federal interpretations of federal law by the agency charged with implementing it. *See* Tex. Att'y Gen. Op. No. GA-0289 (2005) at 9 (declining to "second-guess the interpretation of a [federal statute] by the statute's implementing agency"). Moreover, the Act grants HUD considerable discretion to apply the law and decide issues of fact when it determines whether a

---

[2]Because you ask a question of federal law, we do not resolve a COG's status for state law purposes. However, a Texas Department of Housing and Community Affairs ("TDHCA") rule pertaining to community affairs programs defines "unit of general local government" as a "unit of local government which has, among other responsibilities, the authority to assess and collect local taxes and to provide general governmental services." 10 TEX. ADMIN. CODE 5.2(b)(69) (2013). Thus, this definition excludes COGs because chapter 391 denies them the power to tax. *See* TEX. LOC. GOV'T CODE ANN. § 391.011(a) (West 2005). No other TDHCA rule, statute, or judicial opinion of which we are aware defines "unit of general local government," "general purpose local government," or any other comparable term.

[3]As you note, being a unit of general local government is but one of the requirements for HUD to designate an entity as a participating jurisdiction in the HOME Program. Brief at 2; 42 U.S.C.A. § 12746 (West 2013).

particular entity is a "general purpose political subdivision of a State," a "consortium of political subdivisions," or an "agency or instrumentality" that HUD may designate as a participating jurisdiction.  *See* 42 U.S.C.A. §§ 12704(1), (3)–(4); 12746 (West 2013).  Therefore, this office cannot advise that, as a matter of law, a council of governments is a unit of general local government for purposes of the federal HOME Investment Partnership Program.

## S U M M A R Y

    This office cannot advise that, as a matter of law, a council of governments is a unit of general local government for purposes of the federal HOME Investment Partnership Program.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee